In the Matter of ARTHUR WAYNE URAN, an Attorney, Respondent.

First Department, January 10, 1930.

*Isidor J. Kresel* of counsel [*William L. Wemple* with him on the brief], for the petitioners.

*Arthur Wayne Uran* [*Victor Deutsch* of counsel], respondent in person.

DOWLING, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York, in January, 1924, at a term of the Appellate Division of the Supreme Court of the State of New York, First Department.

The petition herein charges that respondent has been guilty of misconduct as an attorney at law as follows:

(a) That between January 1, 1924, and February, 1928, the respondent herein was engaged in the solicitation of contracts and retainers from persons injured in accidents, retaining and authorizing him to act as their attorney to collect damages sustained by them as a result of such accidents and to bring suits at law in their behalf to recover such damages.

(b) That between January 1, 1924, and February, 1928, the respondent employed divers persons, not members of the bar of the State of New York, who, with his knowledge and approval, solicited and procured contracts and retainers from persons injured in accidents, retaining and authorizing him to act as their attorney to collect damages sustained by them as a result of said accidents and to bring suits at law in their behalf to recover such damages, and the respondent paid or promised to pay the persons so employed by him various sums of money as salaries, fees, commissions or compensation for the services rendered by them in soliciting and procuring said contracts and retainers.

(c) That between January 1, 1924, and February, 1928, the respondent promised and gave divers persons, not members of the bar of the State of New York, valuable considerations for inducing persons injured in accidents to retain him as their attorney for the purpose of bringing actions or suits in their behalf to collect money damages claimed to have been sustained by them as a result of said accidents or to represent said claimants in the pursuit of their civil remedies for the recovery of their claims.

(d) That between January 1, 1924, and February 1, 1928, the parents of a number of infants who had been injured in accidents retained and employed the respondent herein as their attorney and as attorney for said infants to collect damages sustained by them as a result of said injuries from the persons or corporations alleged to be liable therefor. The respondent after being retained as aforesaid commenced actions in behalf of said infants and in behalf of their parents in the courts of the city and State of New

York to recover the damages alleged to have been sustained by them. After the commencement of said actions the respondent negotiated settlements of the claims of said infants for various sums of money which he received from the defendants in said actions or from companies or corporations which had insured said defendants against such damages. The respondent gave the parents of said infants a part of the money received by them in settlement of said claims and retained the balance thereof to his own use. The respondent failed and neglected to apply for or obtain orders from any court approving said settlements or awarding him any part of the money collected by him as fees for his services in so doing, and no orders fixing his fees for services rendered in the cases referred to were ever made or entered as provided by the Judiciary Law (§ 474, as amd. by Laws of 1912, chap. 229).

The respondent filed an answer to the petition in which he admitted the allegations contained in subdivisions (a), (b) and (c), above set forth. As to subdivision (d), the answer reads: " Respondent admits that he recalls two settlements of infant cases of small amounts, where no compromise order from a court was obtained, and respondent respectfully requests this Honorable Court to consider therewith the explanation given in the affidavit of respondent hereto annexed and made a part hereof."

In his affidavit, attached to the answer, respondent alleges: " I feel, however, that I should make some explanation concerning the allegation contained in subdivision ' d ' of paragraph ' Fifth ' of the petition. I recall two cases, one of which was settled for $22.50 and a like sum for the claim for loss of services, and another case settled for the sum of $25 for the infant's claim, and a like sum for the claim for loss of services. In these instances, your deponent did not submit any order of compromise, and in explanation your deponent respectfully urges that there had grown up a well recognized custom to dispose of trivial cases without the formality of obtaining an order of compromise; that your deponent did not know that it was mandatory to obtain an order of compromise in small cases; that your deponent satisfied himself in these cases that the injuries were not serious, and that your deponent acted in good faith, with no intent to deceive and that none of the infants' rights were waived thereby."

A referee having been appointed reported herein that the respondent was guilty of the acts described in the specifications of misconduct set forth in the petition.

In the record of the hearing before the referee there is no testimony as to a specific instance of respondent's practice of settling

infants' cases without court orders. The respondent testified that he had read the law regarding settlement in infants' cases, but, he testified: " * * * I did not think it was mandatory, but discretionary, because of the practice that had been going on, I thought it was discretionary up to certain amounts. And that is what misled me. I never realized that when I settled — there are a few of them, you can count them on your fingers — I never realized that when settling those cases without court orders that I was doing wrong for a second, and the infants' cases are still pending, they are still not settled, there is no discontinuance of record, and the child still has an action pending."

From respondent's testimony it appears that in infants' cases where actions had been commenced and the claim was subsequently settled without a court order, no formal discontinuance of the action was filed or order entered. This tends to cast discredit on respondent's contention that everything about his practice was regular, and he was endeavoring to conceal nothing about his cases.

It should be understood that the statutory requirement that an order shall be obtained in every case approving the attorney's contingent agreement is mandatory and not permissive and applies to small cases as well as to large ones. With this caution the respondent is censured, with a warning that continuance in his mistaken course of action will merit more severe punishment.

MERRELL, FINCH, MCAVOY and PROSKAUER, JJ., concur.

Respondent censured.